UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| KYLE FINNELL, | : Case No. 2:25-cv-29 |
| Plaintiff, | : |
| vs. | : Chief District Judge Sarah D. Morrison |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| SYDNEY HILL, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

Plaintiff, who appears to be a prisoner at the Madison Correctional Institution, filed the above-captioned action pursuant to 42 U.S.C. § 1983.  This matter is before the undersigned following Plaintiff's failure to comply with the January 27, 2025 Deficiency Order.  For the reasons that follow, the undersigned recommends that this action be dismissed for want of prosecution.

On January 27, 2025, the undersigned issued a Deficiency Order, directing Plaintiff to cure several deficiencies if he intended to proceed with this action.  Specifically, the undersigned outlined the following deficiencies:

1.  Plaintiff did not file a proper initiating document, *i.e.* a proper complaint.

2. Plaintiff did not pay the required filing fee or submit a completed application to proceed *in forma pauperi*s.  A proper application to proceed *in forma pauperis* requires a prison trust fund account statement certified by the prison cashier.

3. Plaintiff did not file a civil cover sheet.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

(Doc. 2, *PageID* #s 918-19).  The Court set a deadline of thirty (30) days to comply.

On March 20, 2025, Plaintiff filed several documents including a civil cover sheet (Doc. 3-1) and a prison trust fund account statement, but that statement was not certified by the prison cashier.  (Doc. 4).  Plaintiff also filed an affidavit, statement of claim, declaration, and exhibits that, when grouped together, appear to be an Amended Complaint.  (Docs. 3 through 3-7).  Then on March 24, 2025, Plaintiff filed a combined notice of change of address, motion for an extension of time to respond to the Court's Deficiency Order, and request to exceed the complaint's page limit from twenty pages to sixty pages.  (Doc. 5).  The Court granted the request for an extension of time, setting May 12, 2025, as the new date to comply with the prior Deficiency Order, but denied Plaintiff's request to exceed the complaint's page limit.  (Doc. 6).

On June 3, 2025, Plaintiff filed another request for an extension of time, noting his need to retrieve lost legal materials.  (Doc. 7).  The Court granted the extension, directing Plaintiff to comply with the Court's Deficiency Order on or before July 7, 2025.  (Doc. 8).

To date, Plaintiff has not complied with the Court's January 27, 2025 Deficiency Order. Specifically, as required by the PLRA, Plaintiff has not paid the required filing fee to commence this action or submitted a completed application and affidavit to proceed without prepayment of fees with a *certified* copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the Complaint obtained from the cashier of the prison at which the prisoner is confined.  Additionally, Plaintiff has not filed an Amended Complaint that complies with the Court's Order regarding page limits and which clearly identifies the specific claims for relief attributable to each defendant.

In the Court's prior Deficiency Order, the Court warned Plaintiff that if he failed to comply with the Order, the Court shall dismiss the case for want of prosecution.  (Doc. 2, *PageID* #919).

2

Despite requesting and receiving two extensions of time, Plaintiff has not complied. Therefore, the undersigned **RECOMMENDS** that this case be **DISMISSED for want of prosecution**. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).

      Finally, although Plaintiff has not provided an additional notice of change of address, it appears that he is currently incarcerated at Madison Correctional Institution. The **CLERK OF COURT** is **DIRECTED** to send a copy of this Report and Recommendation to Plaintiff at Madison Correctional Institution.

August 26, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).