### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KYLE FINNELL,**

        **Plaintiff,**

| | | |
|---|---|---|
| v. | : | **Case No. 2:25-cv-29** |
| | | **Chief Judge Sarah D. Morrison** |
| **SYDNEY HILL,** | | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
|    **Defendant.** | | |

| | | |
|---|---|---|
| v. | : | **Case No. 2:25-cv-1049** |
| | | **Chief Judge Sarah D. Morrison** |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, | | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
|    **Defendants.** | | |

| | | |
|---|---|---|
| v. | : | **Case No. 2:25-cv-1077** |
| | | **Chief Judge Sarah D. Morrison** |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, | | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
|    **Defendants.** | | |

| | | |
|---|---|---|
| v. | : | **Case No. 2:25-cv-1108** |
| | | **Chief Judge Sarah D. Morrison** |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, | | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
|    **Defendants.** | | |

| | | |
|---|---|---|
| v. | : | **Case No. 2:25-cv-1124** |
| | | **Chief Judge Sarah D. Morrison** |
| **SYDNEY HILL,** *et al.*, | | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
|    **Defendants.** | | |

|  |  |  |
|---|---|---|
| v. | : | **Case No. 2:26-cv-26** |
| **SALLY TAMBORSKI,** *et al.*, |  | **Chief Judge Sarah D. Morrison** **Magistrate Judge Peter B. Silvain, Jr.** |
|  | : |  |
| **Defendants.** |  |  |

|  |  |  |
|---|---|---|
| v. | : | **Case No. 2:26-cv-124** |
| **DENISE PADDOCK,** *et al.*, |  | **Chief Judge Sarah D. Morrison** **Magistrate Judge Peter B. Silvain,** |
|  | : | **Jr.** |
| **Defendants.** |  |  |

|  |  |  |
|---|---|---|
| v. | : | **Case No. 2:26-cv-197** **Chief Judge Sarah D. Morrison** |
| **STACY WICKS,** *et al.*, |  | **Magistrate Judge Peter B. Silvain, Jr.** |
| **Defendants.** | : |  |

|  |  |  |
|---|---|---|
| v. | : | **Case No. 2:26-cv-501** **Chief Judge Sarah D. Morrison** |
| **SALLY TAMBORSKI,** *et al.*, | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| **Defendants.** |  |  |

## <u>OPINION AND OMNIBUS ORDER</u>

Kyle Finnell, an Ohio inmate proceeding without counsel, filed five lawsuits in this Court in 2025. (*See* ECF No. 14-1.[1]) Although his pleadings are difficult to follow, he alleges in each case that the Ohio Department of Rehabilitation and Corrections ("ODRC") deprived him of, *inter alia*, his constitutionally protected access to the courts.

---

[1] Unless otherwise noted, all citations herein are to the docket in the lead case, Case No. 2:25-cv-29.

The Court *sua sponte* consolidated Mr. Finnell's 2025 cases and designated *Finnell v. Hill*, Case No. 2:25-cv-29 (S.D. Ohio), as the lead case. (ECF No. 14-1.) Considering the consolidation and the lengthy, abstruse, and procedurally deficient nature of Mr. Finnell's filings, the Court also ordered Mr. Finnell to "file an amended consolidated complaint" not exceeding 25 double-spaced pages "that clearly sets out a short and plain statement of his claims and the factual allegations supporting them." (*Id.*, PAGEID # 1055–56.)

Mr. Finnell did not comply with the Court's Order—instead, he submitted eight documents totaling over a hundred pages (*see* ECF Nos. 18-2, 21–27), none of which could be construed as an amended consolidated complaint. So, the Magistrate Judge ordered Mr. Finnell to either show cause as to why the Court should not dismiss his cases for failure to prosecute or file his amended consolidated complaint as directed. (ECF No. 29.)

Liberally construing Mr. Finnell's subsequent filings, he now objects to the Court's consolidation of the 2025 cases (ECF No. 30) and the Magistrate Judge's Show Cause Order (ECF No. 31).

## I.      OBJECTION TO CONSOLIDATION OF 2025 CASES

Although Mr. Finnell invokes Federal Rule of Civil Procedure 72(a), the Court construes his objection to the consolidation of the 2025 cases as a motion for reconsideration because the Court, not the Magistrate Judge, ordered such consolidation. *See Coates v. United States*, No. 318CV00314RGJLLK, 2020 WL 13282135, at *4 (W.D. Ky. Nov. 25, 2020) ("Under the clear language of Rule 72(a),

objections are permitted to a magistrate judge's order on a non-dispositive pretrial matter."); *see also, e.g.*, *Bonar v. Romano*, No. 2:08-CV-560, 2010 WL 1404305, at *1 (S.D. Ohio Apr. 7, 2010) (McCann King, M.J.).

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *See Tera II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2024 WL 231456, at *1 (S.D. Ohio Jan. 22, 2024) (Marbley, J.) (citation omitted). Nevertheless, courts construe requests for reconsideration of non-final judgments or interlocutory orders under Rule 54(b). Pursuant to Rule 54(b), a party seeking reconsideration must show "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Courts have substantial discretion to grant or deny motions for reconsideration. *Id.*

Like most of Mr. Finnell's prior filings, the Court struggles to comprehend the scope and substance of his objection. Three key points emerge, but none meets the Rule 54(b) standard or is otherwise meritorious.

First, Mr. Finnell argues that consolidation was improperly "ambiguous" and open "for construction or interpretation" because the lead case, Case No. 2:25-cv-29, had been terminated. (ECF No. 30, PAGEID # 1326.) This case has since been reopened. Even assuming the existence of some "ambiguity," Mr. Finnell has not shown that the Court's decision to consolidate the 2025 cases was clearly in error or manifestly unjust.

Second, Mr. Finnell contends that the Court did not sufficiently explain its reasoning for consolidating the cases and maintains that each case should have been evaluated on its own merits. (ECF No. 30, PAGEID # 1328–29, 1339.) But the Court reviewed each case and expressly stated that the cases "involve common questions or law and fact and are thus more efficiently handled together." (ECF No. 14-1, PAGEID # 1058.) And Mr. Finnell admits that the decision to consolidate is "in the Court's sound discretion." (ECF No. 30, PAGEID # 1339.) Again, he has not met Rule 54(b)'s standard for reconsideration.

Finally, Mr. Finnell takes issue with the 25-page limit for his amended consolidated complaint, asserting that it deprives him of access to the courts and the ability to fully present his claims. (ECF No. 30, PAGEID # 1332–33.) Courts have discretion to impose page limitations. *Cf., e.g.*, *Alexander v. Harrison*, No. 21-1828, 2022 WL 13983651, at *3 (6th Cir. Oct. 24, 2022) ("[T]he district court did not abuse its discretion in imposing page limits[.]"). Mr. Finnell has not demonstrated that the Court should reconsider its 25-page limit. Nonetheless, and as explained below, the Court is requiring Mr. Finnell to submit an amended consolidated complaint with an increased page limit that encompasses a total of nine of his cases, so his challenge to the original 25-page limit is now moot.

Accordingly, the Court **DENIES** Mr. Finnell's request to reconsider its consolidation order.

## II.    OBJECTION TO MAGISTRATE JUDGE ORDER

Rule 72 properly applies to Mr. Finnell's objection to the Magistrate Judge's

Show Cause Order (ECF No. 31). That rule does not help him, though, as his objection lacks merit.

Insofar as the Court can understand, Mr. Finnell primarily contends that his access to the courts has been "hermetically sealed" because (1) the Court is requiring him to file an amended consolidated complaint limited to 25 pages, and (2) the prison cashier's office is "mis-handling" his account and not properly allocating his funds. (*See generally* ECF No. 31.) The Court addressed Mr. Finnell's first contention in Section I above. As to his second contention, he has not presented support for his assertions about his prison account, and, in any event, he should direct questions about fee collection to the cashier's office at his institution. The remainder of his objection goes beyond the Magistrate Judge's Show Cause Order to simply repeat allegations underlying his claims.

The Court thus **OVERRULES** Mr. Finnell's objection.

## III.    CONSOLIDATION OF CASES FILED IN 2026

In addition to his 2025 cases, Mr. Finnell has filed four cases in 2026, each alleging (as far as the Court can discern from the muddled assertions in his complaints) that ODRC employees interfered with his protected access to the courts. *See* Case Nos. 2:26-cv-26, 2:26-cv-124, 2:26-cv-197, 2:26-cv-501.

Federal Rule of Civil Procedure 42(a)(2) grants district courts discretion to consolidate cases if they involve common questions of law or fact. Fed. R. Civ. P. 42(a)(2). When cases share the same legal theories or factual issues, consolidation more efficiently uses judicial resources because discovery and witness testimony

6

will likely overlap. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, Nos. 2:09-cv-521, 2:09-cv-522, 2:09-cv-523, 2:09-cv-529, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009) (Kemp, M.J.). The rule is intended "to promote economy in the administration of justice." *Id*. at *1 (citing *Feldman v. Hanley*, 49 F.R.D. 48 (S.D.N.Y. 1969)). Accordingly, so long as neither party will be unduly prejudiced, Rule 42(a) favors consolidation. *Albert v. Honda Dev. & Mfg. of Am., LLC*, No. 2:22-cv-3828, 2023 WL 1097448, at *4 (S.D. Ohio Jan. 30, 2023) (Sargus, J.).

The Court has reviewed Mr. Finnell's complaints in the four above-listed 2026 cases and compared them to each other and to the complaints in the 2025 cases. The Court finds that all of the cases involve common questions of law and fact—namely, Mr. Finnell's problems with ODRC's law library services and policies and his allegations that ODRC is impeding his access to the courts and committing constitutional violations through these services and policies, among other things. Although Mr. Finnell argues that these cases involve different Defendants from different institutions (see ECF No. 30, PAGEID # 1329), most Defendants are ODRC officials or employees governed by the same policies. The cases are thus more efficiently handled together. *See also, e.g.*, *Dudenhoefer v. Fifth Third Bancorp*, No. 1:08-CV-538, 2009 WL 10678974, at *2 (S.D. Ohio Mar. 16, 2009) (Beckwith, J.) ("Consolidation may be ordered even though the cases involve different claims, different parties, and cover different class periods.") (citation omitted). Further, no prejudice will arise to Mr. Finnell or any Defendants from consolidating the 2026 cases with the 2025 cases.

As such, the Court *sua sponte* **CONSOLIDATES** Mr. Finnell's four 2026 cases with his 2025 cases. All papers filed in the consolidated action shall be filed under the lead case, *Finnell v. Hill*, Case No. 2:25-cv-29, using the case caption on the first and second pages of this Opinion and Omnibus Order.

## IV.    NEXT STEPS

### A.    Motions to Proceed *in Forma Pauperis*

Mr. Finnell moves for leave in several of his cases to proceed *in forma pauperis* under 28 U.S.C. §§ 1915(a)(1) and (2). (*See* ECF No. 19; ECF No. 1, Case No. 2:26-cv-26; ECF No 5, Case No. 2:26-cv-197; ECF No. 7, Case No. 2:26-cv-124.) These motions are **GRANTED**.

Under 28 U.S.C. § 1915(b)(1), Mr. Finnell is still required to pay the full amount of the Court's $350 filing fee. However, the certified trust fund statements reveal that Mr. Finnell does not have sufficient funds to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Mr. Finnell's inmate trust accounts (Inmate ID Number A707931) at the Madison Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only

when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to "U.S. District Court." The checks should be sent to:

> United States District Court
> 85 Marconi Boulevard Room 121
> Attn: Prisoner Accounts Receivable
> Columbus, Ohio 43215

Mr. Finnell's name and the lead case number (2:25-cv-29) must be included on the memo line for each check.

It is thus **ORDERED** that Mr. Finnell be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk is **DIRECTED** to mail a copy of this Opinion and Omnibus Order to the jail cashier's office.

### B.    Amended Consolidated Complaint

As noted above, the Court has reviewed the complaints that Mr. Finnell filed in each of his 2026 cases. They are lengthy and difficult to follow. Several of his pleadings are also procedurally deficient—for example, they are missing civil cover sheets (*see* S.D. Ohio Civ. R. 3.1(a)) or necessary service documents. But the Court can discern that, in each complaint, Mr. Finnell intends to claim that his constitutionally protected access to the courts has been, or is being, abridged by ODRC officials and employees.

As a result, and in view of the prior Order consolidating his 2025 cases (ECF No. 14-1) and the consolidation of his 2026 cases herein, the Court **ORDERS** Mr.

9

Finnell to file an **amended consolidated complaint** that clearly sets out a **short and plain statement** of his claims and the factual allegations supporting them. *See* Fed. R. Civ. P. 8(a). The amended consolidated complaint must not exceed **FORTY (40) PAGES** in length, must be **legible and double-spaced**, and must be filed within **SIXTY (60) DAYS** of the date of this Opinion and Omnibus Order.

## V.    CONCLUSION

For the reasons herein, the Court **ORDERS** as follows:

- Case Nos. 2:26-cv-26, 2:26-cv-124, 2:26-cv-197, and 2:26-cv-501 are hereby **CONSOLIDATED** into the instant consolidated case. All papers filed in this consolidated action **SHALL** be filed under the lead case, *Finnell v. Hill*, Case No. 2:25-cv-29, using the case caption on the first and second pages of this Opinion and Omnibus Order.

- Mr. Finnell's motion for reconsideration of the Court's initial consolidation decision (ECF No. 30) is **DENIED**.
  - This disposition applies equally to ECF No. 7 in Case No. 2:25-cv-1049, ECF No. 8 in Case No. 2:25-cv-1077, ECF No. 6 in Case No. 2:25-cv-1108, and ECF No. 10 in Case No. 2:25-cv-1124.

- Mr. Finnell's objection to the Magistrate Judge's Show Cause Order (ECF No. 31) is **OVERRULED**.
  - This disposition applies equally to ECF No. 8 in Case No. 2:25-cv-1049, ECF No. 9 in Case No. 2:25-cv-1077, ECF No. 7 in Case No. 2:25-cv-1108, and ECF No. 11 in Case No. 2:25-cv-1124.

- The Court **GRANTS** Mr. Finnell's motions for leave to proceed *in forma pauperis*. (*See* ECF No. 19; ECF No. 1, Case No. 2:26-cv-26; ECF No. 5, Case No. 2:26-cv-197; ECF No. 7, Case No. 2:26-cv-124.)

- Mr. Finnell is **ORDERED** to file an amended consolidated complaint that clearly sets out a short and plain statement of his claims and the factual allegations supporting them.

  o The amended consolidated complaint must not exceed **FORTY (40) PAGES** in length, must be **legible and double-spaced**, and must be filed **WITHIN SIXTY (60) DAYS** of the date of this Opinion and Omnibus Order.

- Mr. Finnell's request for an extension of time to file objections to ECF No. 5 in Case No. 2:26-cv-124 is **DENIED**. (*See* ECF No. 6, Case No. 2:26-cv-124.)

  o ECF No. 5 is not an Order of the Court to which Mr. Finnell may properly object but rather merely notifies him that the Court considers certain of his cases related.

  o Even if the Court were to consider an "objection," such would be appropriately construed as a motion for reconsideration, which the Court would deny for the reasons articulated above in the context of consolidation of these cases.

- Except for his amended consolidated complaint and any request for reconsideration of this Opinion and Omnibus Order, Mr. Finnell is

11

**ORDERED** to **CEASE FILING DOCUMENTS** in these consolidated cases (unless he is notifying the Court of an emergency or a change of address) until the Magistrate Judge conducts an initial screen of his amended consolidated complaint pursuant to 28 U.S.C. §§ 1915(a) and (e)(2).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**